(57 South. 895.)

No. 19,149.

STATE v. FOSTER.

(Feb. 26, 1912.)

*(Syllabus by the Court.)*

1. INTOXICATING LIQUORS (§ 213*) — ILLEGAL SALE—DESCRIPTION OF PLACE—SUFFICIENCY.

Unless it is made to appear that a person charged with selling liquor without a license, at his place of business upon a named street in a named town, has more than one place of business on such street, the charge as to the place is sufficiently specific.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 255–257; Dec. Dig. § 213.*]

2. INTOXICATING LIQUORS (§ 217*)—ILLEGAL SALE—SPECIFICATION OF QUANTITY.

The charge of selling liquor in prohibition territory need not specify the quantity, as the quantity in no manner affects either the offense or the defense.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 234, 235; Dec. Dig. § 217.*]

Breaux, C. J., dissenting, and Provosty, J., dissenting in part.

Appeal from First Judicial District Court, Parish of Caddo; Thomas F. Bell, Judge.

Jim Foster was convicted for an illegal sale of liquors, and appeals. Affirmed.

Cal D. Hicks, for appellant. Walter Guion, Atty. Gen., and J. M. Foster, Dist. Atty. (G. A. Gondran, of counsel), for the State.

### Statement of the Case.

MONROE, J. The information under which defendant is prosecuted charges that, upon the 11th day of August, 1911, he "did unlawfully keep a grog or tippling shop and did retail spirituous and intoxicating liquor, to wit, beer and whisky, without previously obtaining a license," etc. He called for a bill of particulars, alleging that he was entitled to be informed of the nature of the liquor he was alleged to have retailed, whether it was whisky, beer, wine, or other intoxicating or spirituous liquors, or near beer; and "of the time, place, and date of the alleged sale or retailing"; and of the quantity of liquor, or liquors, he was alleged to have sold or retailed. The district attorney furnished the bill, reading as follows:

"Kind of liquor; beer which will produce intoxication. Time; date alleged in the information. Place; defendant's place of business in the city of Shreveport, on Texas avenue. * * *

"That he elects to make this prosecution for retailing spirituous and intoxicating liquor.

"That all other information asked for, and to which defendant is entitled, is contained in the bill of information.

"The sale was made by the person named in the bill of information."

Defendant objected to the bill so furnished, on the grounds that it fails to give the number, on Texas avenue, of his place of business, and fails to inform him of the quantity of liquor he is charged with selling; and he comes before this court, appealing from a conviction and sentence, on bills of exception to the overruling of his objection.

### Opinion.

[1] There being no suggestion that defendant had more than one place of business on Texas avenue, in Shreveport, we are of opinion that the charge, as to the place, was sufficiently specific.

[2] As to the other objection, as it does not appear that the quantity of liquor sold in "prohibition" territory in any manner affects either the offense or the defense, upon a charge of selling liquor without a license, we are of opinion that the charge was, also, sufficiently explicit upon that point.

Judgment affirmed.

BREAUX, C. J., dissents to the extent that it is held that the charge of selling liquor in prohibition territory need not specify the quantity.

PROVOSTY, J., dissents, for the reasons assigned in the case of State v. Pomeranky (No. 19,145) 57 South. 996.